UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>QINGHONG LI,<br><br>    Defendant. | No. 2:13-cr-0050-KJM<br><br><br><br>ORDER |

        Defendant Qing-hong Li moves for a court order requiring the United States to return $4,240 seized after federal and local officers executed a search warrant at her residence on January 30, 2013. Mot., ECF No. 264. Li argues the Drug Enforcement Agency ("DEA") provided defective notice of its administrative forfeiture proceeding and that the DEA lacked jurisdiction over property that was already part of the federal criminal proceeding in this court. *See* Mot.; Reply, ECF No. 268. The United States opposes the motion. Opp'n, ECF No. 265; Sur-Reply, ECF No. 273. For the following reasons, the court DENIES the motion.

I.    BACKGROUND

    A.    Factual Overview

        On January 30, 2013, DEA agents, in conjunction with local police, searched Li's residence in Elk Grove, California and discovered a marijuana cultivation operation. ECF No. 170-2; ECF No. 171. During the search, law enforcement seized $4,240 in cash from Li's

1

bedroom.  ECF No. 170-2.  Although Li originally sought the return of a safe deposit box she said the government had constructively seized, Mot. at 2, the parties agree the safe deposit box was not seized and Li has abandoned that claim, Reply at 1.  Li was indicted after the search and pleaded guilty to conspiracy to manufacture marijuana and an independent count of manufacturing marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846 and § 841(a)(1), respectively.  ECF No. 173.

The seized cash was subsequently referred by the DEA's Sacramento field office to DEA Forfeiture Counsel Vicki L. Rashid to initiate administrative forfeiture proceedings. Rashid Decl. ¶ 4(a), ECF No. 265-1.  On March 12, 2013, the DEA sent written notice of the seizure to Li by certified mail, return receipt requested.  *Id.* ¶ 4(b); *id.* Ex. 1.  Li claimed the notice and signed for it as having been delivered.  *Id.* ¶ 4(c); *id.* Ex. 2.[1]  In addition, the DEA posted notice of the cash seizure on Forfeiture.gov, an official government website, for a period of thirty consecutive days beginning on March 25, 2013.  *Id.* ¶ 4(d).

Each of the mailed and published notices explained the option of filing a claim with DEA Forfeiture Counsel in order to the contest the forfeiture action in United States District Court.  *Id.* ¶ 4(d).  The notices also stated that the deadline to file a claim was April 16, 2013, or if the mailed notice was not received, May 24, 2013.  *Id.* ¶ 4(d); *id.* Exs. 3, 5.  In addition, the published and mailed notices explained the option of filing a petition for remission or mitigation of forfeiture.  *Id.* ¶ 4(d); *id.* Exs. 3, 5.

On June 4, 2013, having not received any claim prior to the deadline, the DEA administratively forfeited the $4,240 as provided by 19 U.S.C. § 1609.  *Id.* ¶ 4(d); *id.* Ex. 6.

B. <u>Procedural Overview</u>

On July 14, 2017, Li filed the instant motion to set aside the administrative forfeiture.  Mot.  The United States opposes, Opp'n, and Li has filed a reply, Reply.  On August 9, 2017, the court held a hearing on the motion, at which Kevin Khasigian appeared for the United States and Douglas Beevers appeared for Li.  ECF No. 269.  As the court permitted at

---

[1] For the reasons discussed below, the court denies Li's request to exclude this evidence.

2

hearing, the United States filed a sur-reply addressing new issues raised in Li's reply. *See* Sur-Reply.[2]

As noted, Li argues the DEA provided defective notice[3] of its administrative forfeiture and that the DEA lacked jurisdiction over the subject property. *See* Mot.; Reply. The court addresses each argument in turn.

II.    THE CIVIL ASSET FORFEITURE REFORM ACT

As a former federal prosecutor puts it, the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), Pub. L. No. 106–185, 114 Stat. 202, codified in part at 18 U.S.C. § 983, is "the most comprehensive revision of the civil asset forfeiture laws to be passed by Congress since the first forfeiture statutes were enacted in 1789." Stefan D. Cassella, *The Civil Asset Forfeiture Reform Act of 2000: Expanded Government Forfeiture Authority and Strict Deadlines Imposed on All Parties*, 27 J. Legis. 97 (2001) (cited in *United States v. Real Prop. Located at 475 Martin Lane, Beverly Hills, CA*, 545 F.3d 1134, 1144 (9th Cir. 2008)); *see also Mesa Valderrama v. United States*, 417 F.3d 1189, 1195 (11th Cir. 2005) ("[CAFRA] overhauled procedures for most federal civil and nonjudicial forfeiture actions initiated after August 23, 2000 . . . ."). It amended a miscellany of provisions without consolidating them. Cassella, 27 J. Legis. at 101–03; *see also Omidi v. United States*, 851 F.3d 859, 861 (9th Cir. 2017) (explaining how CAFRA partially incorporates by reference administrative forfeiture provisions of the Tariff Act of 1930, found at 19 U.S.C. §§ 1607, 1609).

As relevant here, 18 U.S.C. § 983 provides the "exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute." 18 U.S.C. § 983(e)(5); *Mesa Valderrama*, 417 F.3d at 1195 ("[A] party seeking to challenge a nonjudicial forfeiture that falls within CAFRA's purview is limited to doing so under 18 U.S.C. § 983(e)."). Relief may be

---

[2] Li subsequently filed her own sur-reply, ECF No. 275, which the court has not permitted. Hr'g Mins., ECF No. 269 (explaining, after government's sur-reply, the matter would be submitted). Even if the court were to consider Li's filing, it would not change the court's conclusion here.

[3] At hearing, Li withdrew her initial argument that notice was defective because it was not provided in her first language. *See* Mot. at 5.

granted where the injured party did not receive adequate notice of the administrative proceeding. *Okafor v. United States*, 846 F.3d 337, 339 (9th Cir. 2017). Specifically, under 18 U.S.C. § 983(e), a court shall grant a motion to set aside a forfeiture if: "(A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim." 18 U.S.C. § 983(e)(1). Because both prongs are required, a claimant's actual notice of the forfeiture proceeding is fatal to a motion under § 983. *Id.*; *see also Bentley v. Bureau of Alcohol, Tobacco, Firearms, and Explosives*, 414 F. App'x 28, 31 (9th Cir. 2011) (Stafford, J., concurring); *United States v. $10,000.00 in U.S. Currency*, 06CV2439-L(AJB), 2007 WL 2330318, at *4 (S.D. Cal. Aug. 13, 2007) ("[A] person with actual notice of the seizure who did not receive a written notice and did not timely file a claim loses his or her right to set aside a forfeiture.").

Here, the parties agree that notice mailed to the owner of the property would be sufficient to establish reasonable notice. Mot. at 5 (citing *Dusenbery v. United States*, 534 U.S. 161, 172–73 (2002)); Opp'n at 4 (same). The United States also cites Li's signature on the forfeiture notice as evidence of her actual notice. Opp'n at 3; Sur-Reply at 1. Li argues the United States' evidence that she received notice should be excluded as a sanction for the United States' professional misconduct; specifically, Li argues the United States violated California Rule of Professional Conduct 2-100[4], prohibiting a lawyer from contacting a represented party, when it

---

[4] California Rule of Professional Conduct 2-100 provides in full:

> (A) While representing a client, a member shall not communicate directly or indirectly about the subject of the representation with a party the member knows to be represented by another lawyer in the matter, unless the member has the consent of the other lawyer.
>
> (B) For purposes of this rule, a "party" includes:
>
> (1) An officer, director, or managing agent of a corporation or association, and a partner or managing agent of a partnership; or
>
> (2) An association member or an employee of an association, corporation, or partnership, if the subject of the communication is any act or omission of such person in connection with the matter which may be binding upon or imputed to the organization for

4

mailed notice directly to Li's home. Mot. at 5–7; Reply at 2. As Li's counsel explains, although he represented Li in the criminal case at the time of the administrative forfeiture in 2013, he did not learn about the administrative proceeding until 2016. Mot. at 2, 6.

Li's argument is unavailing. Rule 2-100 generally prohibits ex parte communications with represented parties, *United States v. Talao*, 222 F.3d 1133, 1138 (9th Cir. 2000), but on its face does not prohibit "[c]ommunications otherwise authorized by law," Cal. Prof. Conduct Rule 2-100(C)(3). *See also* Notes to Rule 2-100 ("Rule 2-100 is intended to control communications between a member and persons the member knows to be represented by counsel unless a statutory scheme or case law will override the rule."). Congress enacted a statutory forfeiture scheme that requires notice be sent to the party who has an apparent interest in the property. *See Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 35 (1st Cir. 2001) (discussing government's obligation under 19 U.S.C. § 1607 to send written notice "to any party" known to have an interest in the subject property); 19 U.S.C. § 1607 ("Written notice of seizure together with information on the applicable procedures shall be sent to each party who appears to have an interest in the seized article."); *see also* 28 C.F.R. § 8.9(b)(1). Thus, the government is "authorized by law" to send notice to a party even if she is represented. *See In re Seizure of $143,265.78*, 616 F. Supp. 2d 699, 706 (E.D. Mich. 2009), *aff'd,* 384 Fed. App'x 471 (6th Cir. 2010) (unpublished) (government's service of forfeiture notice on a represented party was "authorized by law" under Michigan's analogous professional rules). Accordingly, the court denies Li's request to exclude the forfeiture notice Li claimed and signed for as having been

---

purposes of civil or criminal liability or whose statement may constitute an admission on the part of the organization.

(C) This rule shall not prohibit:

(1) Communications with a public officer, board, committee, or body; or

(2) Communications initiated by a party seeking advice or representation from an independent lawyer of the party's choice; or

(3) Communications otherwise authorized by law.

5

delivered. This evidence establishes that the United States took reasonable steps to provide Li with notice and that she received actual notice. Li's motion must be denied.

The court next turns to Li's argument that the DEA lacked jurisdiction over the seized property.

III. IN REM JURISDICTION

Li argues the DEA lacked jurisdiction to effect an administrative forfeiture because the seized cash was already subject to an *in rem* proceeding as part of the criminal case in this court. Mot. at 7–8. Li's argument works by analogy: because a federal court may not assume jurisdiction over a res that is already under the *in rem* jurisdiction of another court, *United States v. One 1985 Cadillac Seville*, 866 F.2d 1142, 1145 (9th Cir. 1989), federal authorities here could not assume jurisdiction to administratively forfeit property that was already under the *in rem* jurisdiction of this court. Mot. at 7–8; Reply at 3–5. There is a fatal flaw in Li's reasoning, however; the court here never had *in rem* jurisdiction over the property.

The Ninth Circuit has repeatedly characterized criminal forfeiture as an *in personam* proceeding.[5] *United States v. Lazarenko*, 476 F.3d 642, 647 (9th Cir. 2007) (citing *United States v. Nava*, 404 F.3d 1119, 1124 (9th Cir. 2005)) ("Criminal forfeiture operates *in personam* against a defendant to divest him of his title to proceeds from his unlawful activity as a consequence of his criminal conviction."); *United States v. Casey*, 444 F.3d 1071, 1075 (9th Cir. 2006) ("[W]e have routinely categorized criminal forfeitures as *in personam* judgments."); *United States v. Lester*, 85 F.3d 1409, 1414 n.8 (9th Cir. 1996) (citing *United States v. $814,254.76 in United States Currency*, 51 F.3d 207, 210–11 (9th Cir. 1995)) (explaining the "fundamental distinction" between criminal and civil forfeiture actions is that the former is "an *in personam* judgment against a person" and the latter is an "*in rem* proceeding in which liability

---

[5] A few definitions may assist the reader. *See In rem,* Black's Law Dictionary (10th ed. 2014) ("Involving or determining the status of a thing, and therefore the rights of persons generally with respect to that thing"); *In personam*, Black's Law Dictionary (10th ed. 2014) ("Involving or determining the personal rights and obligations of the parties."); *Quasi in rem*, Black's Law Dictionary (10th ed. 2014) ("Involving or determining the rights of a person having an interest in property located within the court's jurisdiction.").

6

attaches to particular property"). Consistent with that understanding, a criminal monetary forfeiture may proceed even if the defendant does not possess the property: although the government seeks "a very specific amount—the proceeds of [the] criminal activity," it does not seek any specific property. *United States v. Phillips*, 704 F.3d 754, 771 (9th Cir. 2012) (quoting *Casey*, 444 F.3d at 1076). Thus, a proceeding seeking criminal monetary forfeiture is *in personam*. Cf. *Goncalves By and Through Goncalves v. Rady Children's Hosp. San Diego*, 865 F.3d 1237, 1258 (9th Cir. 2017) ("The relief sought in a *quasi in rem* or *in rem* action is possession of specific property.").

Li does not cite any case to support her proposition that a criminal forfeiture proceeding is *in rem* or even *quasi in rem*, *see* Mot. at 7–8; Reply at 3–5, and the court is not aware of any. Instead, Li cites the superseding indictment, which she says provides clear notice that specific property was subject to forfeiture. Reply at 4. Her reading of the indictment is flawed. As with relief the government sought in *Phillips*, the superseding indictment does not seek specific property; instead, it includes a forfeiture allegation under 21 U.S.C. § 853(a) for "any property" obtained through Li's commission of the charged offenses or else "any other property" up to the same value under 21 U.S.C. § 853(p). ECF No. 121. Without this court's *in rem* jurisdiction, Li's reliance on *One 1985 Cadillac Seville, supra*, which prohibits concurrent *in rem* jurisdiction, necessarily fails. Li has not provided any basis to conclude that the criminal proceeding in this case precluded the DEA's exercise of jurisdiction over the seized property. Accordingly, her motion must be denied.

IV. CONCLUSION

The court DENIES Li's motion.

This order resolves ECF No. 264.

IT IS SO ORDERED.

DATED: September 12, 2017.

_____
UNITED STATES DISTRICT JUDGE